UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                 Plaintiff,

                                                                       DECISION AND ORDER

                                                                       06-CR-6198L
                                                                       12-CV-6649L

                             v.

EMANUEL DE JESUS SOSA-LOPEZ,

                                 Defendant.
_____

      Defendant Emanuel De Jesus Sosa-Lopez ("Sosa-Lopez") has filed a motion, *pro se,* pursuant to 28 U.S.C. § 2255 seeking to vacate and set aside the judgment and sentence in this case. The basis for the motion is Sosa-Lopez's contention that he received ineffective assistance of counsel, in several respects, from his retained attorney.

      The Government filed a detailed answer in response to the motion (Dkt. #103) and defendant's attorney, Michael P. Schiano, who allegedly provided ineffective assistance, also submitted an affidavit (Dkt. #96) in response to the allegations made by Sosa-Lopez as to counsel's representation. Because Sosa-Lopez has failed to establish any constitutional violation, the motion to vacate is in all respects denied.[1]

---

[1] Defendant has filed a number of other motions (Dkt. #83, #94, #105, #112), which have no material bearing on his § 2255 motion, and which are mooted by the Court's decision on the § 2255 motion. Those motions are therefore denied.

# PROCEDURAL HISTORY

On October 7, 2009, defendant pleaded guilty to Count 1 of the Superseding Indictment, charging conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. Prior to entry of the plea, the Government had filed an Information, pursuant to 21 U.S.C. § 851 advising that defendant was subject to enhanced penalties because of a prior drug conviction. Attorney Schiano represented Sosa-Lopez at the plea and subsequent sentencing.

Sosa-Lopez was originally represented by another attorney, James P. Vacca, who was appointed by the Court pursuant to the Criminal Justice Act. Sosa-Lopez apparently had some difficulties with attorney Vacca and, thereafter, he retained attorney Schiano. The claims of alleged ineffective assistance of counsel relate only to Schiano, not Vacca.

The plea agreement, which is attached to the Government's Answer as Exhibit B (Dkt. #76) set forth in detail the crime covered by the plea, the facts supporting the plea, the fact defendant admitted to having previously been convicted of a drug crime, the mandatory minimum sentence of 240 months and the anticipated United States Sentencing Guidelines ("Guidelines") sentence of 292-365 months.

The plea agreement also contained a provision allowing for Sosa-Lopez's cooperation which could have resulted in a reduced sentence had the Government made a motion pursuant to Guidelines § 5K1.1 and 18 U.S.C. § 3553(e). Apparently, although there were some proffer sessions, Sosa-Lopez never did complete cooperation and, therefore, no departure motion was filed. Sosa-Lopez does not challenge that and, in his attorney's affidavit, it appears that Sosa-Lopez declined to provide complete cooperation and was withholding information out of fear for himself and others. *See* Dkt. #96, ¶ 7.

After reviewing the presentence report and there being no objections to it, the Court imposed the mandatory minimum sentence of 240 months to be followed by defendant's deportation. That sentence was several years lower than the Guidelines sentence of 292-365 months.

DISCUSSION

I. Waiver

The plea agreement provided, as a condition of the plea, that Sosa-Lopez waive his right to file any type of appeal. Sosa-Lopez was specifically advised of this condition during the plea colloquy (Ex. C to the Government's answer, p. 12). The appeal waiver provided for a waiver of the right to file a direct appeal or any collateral attack as long as the sentence was less than 365 months. That waiver should be enforced and it precludes the motion now brought by Sosa-Lopez.

Furthermore, Sosa-Lopez has failed to demonstrate that the plea was involuntary or unknowing. The transcript of the proceedings and all matters relating to the plea, including facts set forth by Sosa-Lopez's attorney in his affidavit belie any suggestion that this plea was unknowing or involuntary.

As the Government points out in its answer, there was a full discussion and colloquy with Sosa-Lopez about the plea, the fact that he had reviewed the plea agreement with counsel, and that he understood it and had no questions about it. Sosa-Lopez also stated on the record under oath that the was satisfied with the representation provided to him by attorney Schiano. The waiver of appeal by itself warrants dismissal of the instant motion pursuant to § 2255.

II. Alleged Ineffective Assistance of Counsel

Sosa-Lopez raises several instances of alleged ineffective assistance of counsel. A review of the record demonstrates that many of the claims are contradicted by the record and what actually took place at the plea and sentencing. None of the allegations rise to the level of ineffective assistance of counsel that warrants relief as a constitutional violation. Defendant has failed to meet the heavy burden of establishing ineffective assistance of counsel under the test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687-88, 693-94 (1984).

A defendant must show that his attorney's representation fell below "prevailing professional norms," and that but for the challenged conduct, the result of the proceeding would have been different. Sosa-Lopez meets neither test.

In its answer, the Government thoroughly addresses each of Sosa-Lopez's claims relating to alleged ineffective assistance of counsel. I agree with the Government's assessment and, principally for the reasons set forth in the Government's answer, I find Sosa-Lopez's claims to be without merit.

Sosa-Lopez complains about his lawyer's failure to object to the Court's alleged failure to advise Sosa-Lopez concerning the time to challenge his prior drug felony conviction. There is no ineffective assistance of counsel in this regard.

The Government filed an Information concerning the prior conviction prior to the plea. The plea agreement itself made specific reference to the prior conviction and stated specifically that the defendant "admits" that he had a prior drug felony conviction in 2002 in Georgia and that such conviction subjected him to the enhanced penalties provided. (Ex. B to Government's Answer, ¶ 4).

Furthermore, as the Government notes, during the plea hearing, reference was made to the fact that defendant was subject to a mandatory 20-year term of imprisonment because of his prior felony conviction and, furthermore, the Government pointed out that the mandatory sentence was increased to 240 months from 120 months, which would otherwise be the case, because of Sosa-Lopez's prior conviction. Sosa-Lopez was specifically advised of the Government's reliance on the conviction, and he acknowledged both the existence of the prior drug conviction and the fact it raised his mandatory minimum sentence to 240 months.

Although the Court did not specifically inform Sosa-Lopez that any challenge to the prior conviction had to be made prior to sentencing, in the context of this case, and the discussion at the plea colloquy, there is no ineffective assistance of counsel. During the plea colloquy, and up through sentencing, defendant never suggested to the Court or counsel that he had any challenge to the prior conviction in Georgia. Sosa-Lopez even now does not suggest any grounds upon which he might

challenge his prior conviction. In the several filings submitted by Sosa-Lopez, he has never claimed that there was any basis to challenge the prior drug conviction in Georgia. It also appears that the referenced conviction occurred more than five years prior to the plea in this case and could not be challenged in any event. 21 U.S.C. § 851(e).

Concerning Sosa-Lopez's claims that counsel failed to object to the alleged Rule 11 violations, none of the claims have merit. A careful review of the transcript of the plea proceeding demonstrates that Sosa-Lopez was fully advised of all of his rights. The Court advised Sosa-Lopez of his many rights and defendant affirmed that he understood those rights and agreed to waive them by entering the guilty plea. There is no basis whatsoever to believe that Sosa-Lopez failed to understand the charge or the terms of the plea agreement. There was no reason for counsel to raise any objection to the plea proceeding based on the thorough discussion with Sosa-Lopez of all of his rights as confirmed by attorney Schiano's affidavit submitted in response to the § 2255 motion.

Sosa-Lopez also claims ineffective assistance of counsel relative to the preparation of the presentence report and the aggravating-role enhancement. There is no basis to find ineffective assistance here. Concerning the aggravating-role enhancement, it was referenced in the plea agreement that the enhancement would apply. The Probation Department also concluded that a three-level upward adjustment should apply and the Court ruled that the enhancement was proper.

There was no surprise here. Defendant was advised at the plea that the three-level enhancement would apply and the Probation Department correctly determined that it did apply. But as the Government notes, Sosa-Lopez was not prejudiced in any way concerning any of the issues he raises concerning the presentence report, its preparation, or the Court's reliance on it.

Although the Court determined that the proper Guideline range for the offense was 292-365 months, the Court elected not to impose a sentence within the Guideline range but imposed the lowest sentence possible, 240 months, which, as noted above, was many years lower than what the sentence could have been had the Court imposed a Guideline sentence. So, the matters raised by Sosa-Lopez concerning the Guidelines would not benefit Sosa-Lopez since he received the lowest

sentence possible, the mandatory minimum sentence, and none of the Guideline calculations affected the sentence.

I have considered the other matters raised by Sosa-Lopez and none of them constitute ineffective assistance of counsel under the *Strickland* standard, whether considered separately or together.

CONCLUSION

The motion to vacate (Dkt. #88) pursuant to 28 U.S.C. § 2255 is in all respects denied. Based on the transcript of the plea proceeding, the affidavit of defendant's attorney, and all the matters relating to this case, there is no need for a hearing on the motion.

Defendants' motion to correct a clerical error (Dkt. #83) and his other motions for miscellaneous relief (Dkt. #94, #105, #112) are denied.

Because defendant has failed to raise a substantial issue as to a constitutional violation, I decline to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 31, 2014.